IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD VEGA VILLAFAÑE<br><br>    Plaintiff<br><br>    vs.<br><br>CENTRAL GULF LINES, INC.; LMS SHIPMANAGEMENT, INC.; INTERNATIONAL SHIPHOLDING, INC.; COMPANY X<br><br>    Defendants | CIVIL NO.:  15-2961 (JAG) |

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

Central Gulf Lines, Inc. ("Central Gulf"), LMS Shipmanagement Inc. ("LMS"), and International Shipholding, Inc. ("ISC") (collectively "defendants" or "appearing parties") respectfully state and pray as follows in response to plaintiff's Complaint:

### INTRODUCTION

1. The allegations of Paragraph 1 of the Complaint are denied.

### JURISDICTION AND VENUE

2. Of the allegations of Paragraph 2 of the Complaint it is admitted that the plaintiff is an American Citizen and that he is a seaman. The remaining allegations are averments of law which do not require a responsive allegation by the appearing parties.

3. The allegations of Paragraph 3 of the Complaint are averments of law which do not require a responsive allegation by the appearing parties.

4. The allegations of Paragraph 4 of the Complaint are averments of law which do not require a responsive allegation by the appearing parties.

5. The allegations of Paragraph 5 of the Complaint are averments of law which do not require a responsive allegation by the appearing parties.

## REQUEST FOR JURY TRIAL

6. The allegations of Paragraph 6 of the Complaint are averments of law which do not require a responsive allegation from the appearing parties.

## PARTIES

7. Of the allegation of Paragraph 7 of the Complaint it is admitted that the plaintiff is of legal age. The remaining are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8. The allegations of Paragraph 8 of the Complaint are admitted.

9. The allegations of Paragraph 9 of the Complaint are admitted.

10. The allegations of Paragraph 10 of the Complaint are admitted.

11. The allegations of Paragraph 11 of the Complaint are not directed at the appearing parties, but at an unidentified, unknown, defendant. These allegations, therefore, do not require a responsive allegation by the appearing parties.

## STATEMENT OF CLAIM

12. Of the allegations of Paragraph 12 of the Complaint it is admitted that the plaintiff was born on September 12, 1984.

13. The allegations of Paragraph 13 of the Complaint are averments of law which do not require a responsive allegation by the appearing parties.

14. The allegations of Paragraph 14 of the Complaint are admitted.

15. Of the allegations of Paragraph 15 of the Complaint it is admitted that LMS managed the M/V ENERGY ENTERPRISE.  The remaining allegations are denied.

16. Of the allegations of Paragraph 16 of the Complaint it is admitted that Central Gulf operated the M/V ENERGY ENTERPRISE. The remaining allegations are denied.

17. Of the allegations of Paragraph 17 of the Complaint it is admitted that Central Gulf employed the crewmembers aboard the M/V ENERGY ENTERPRISE.  The remaining allegations are denied.

18. Of the allegations of Paragraph 18 of the Complaint it is admitted that Central Gulf owned the M/V ENERGY ENTERPRISE.  The remaining allegations are denied.

19. The allegations of Paragraph 19 of the Complaint are admitted.

20. Of the allegations of Paragraph 20 of the Complaint, it is admitted that Captain Shane Murphy was the Captain of the M/V ENERGY ENTERRISE for the time period relevant to this action.

21. The allegations of Paragraph 21 of the Complaint are admitted insofar as it relates to a voyage of the M/V ENERGY ENTERPRISE during the time period relevant to this action.

22. Of the allegations of Paragraph 22 of the Complaint it is admitted that on July 3, 2015 Captain Shane Murphy called a fire drill with all crewmembers while the plaintiff was serving aboard the ship. The remaining allegations are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23. The allegations of Paragraph 23 of the Complaint are admitted, with the clarification that the Safety Meeting was held in the Engine Control Room, and that not all crewmembers were present at the Safety Meeting. It is affirmatively alleged that two of the crewmembers were not in attendance because they were on watch duty.

24. The allegations of Paragraph 24 of the Complaint are admitted.

25. Of the allegations of Paragraph 25 of the Complaint it is admitted that the Captain asked the plaintiff during the Safety Meeting what would be the duress password if he was working on the gangway and someone came onboard with a weapon and threatened him. The remaining allegations are denied.

26. The allegations of Paragraph 26 of the Complaint are denied. It is affirmatively alleged that the plaintiff was not able to identify the duress password.

27. The allegations of Paragraph 27 of the Complaint are denied.

28. The allegations of Paragraph 28 of the Complaint are denied.

29. The allegations of Paragraph 29 of the Complaint are denied.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are denied.

33. The allegations of Paragraph 33 of the Complaint are denied.

34. The allegations of Paragraph 34 of the Complaint are denied.

35. Of the allegations of Paragraph 35 of the Complaint it is admitted that on July 4, 2015 the plaintiff communicated by text with Ms. Shari Cowles, who is Manager of Safety and Training for LMS, and reported his version of developments during the Safety Meeting. The remaining allegations are denied.

36. The allegations of Paragraph 36 of the Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

37. The allegations of Paragraph 37 of the Complaint are admitted.

38. Of the allegations of Paragraph 38 of the Complaint it is admitted that Mr. Robert Bennington informed the plaintiff by text that he would take his messages for action. The remaining allegations are denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

41.  Of the allegations of Paragraph 41 of the Complaint it is admitted that on July 4, 2015 the plaintiff attended to the Captain's office and that the Chief Mate was present. The remaining allegations are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

42.  The allegations of Paragraph 42 of the Complaint are denied.

43.  Of the allegations of Paragraph 43 of the Complaint it is admitted that on July 4, 2015 the plaintiff and Captain Shane Murphy communicated with Mr. Robert Bennington to discuss the incident reported by plaintiff.  The remaining allegations are denied.

44.  The allegations of Paragraph 44 of the Complaint are denied.

45.  Of the allegations of Paragraph 45 of the Complaint it is admitted that the plaintiff informed Captain Shane Murphy that he did not feel safe onboard and that the plaintiff and Captain Murphy communicated again with Mr. Robert Bennington to inform that the plaintiff could not stay onboard. The remaining allegations are denied.

46.  Of the allegations of Paragraph 46 of the Complaint it is admitted that Mr. Robert Bennington indicated that he would call back with instructions.  The remaining allegations are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

47.  Of the allegations of Paragraph 47 of the Complaint it admitted that it was mutually agreed that the plaintiff would be discharged from service aboard the M/V ENERGY ENTERPRISE on July 4, 2015.  The remaining allegations are denied.

48. The allegations of Paragraph 48 of the Complaint are denied. It is affirmatively alleged that the plaintiff issued a report dated July 3, 2015 with his version of events.

49. The allegations of Paragraph 49 of the Complaint are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. The allegations of Paragraph 52 of the Complaint are denied due to lack of knowledge or information sufficient to for a belief as to the truth of the allegations.

53. The allegations of Paragraph 53 of the Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

**FIRST CAUSE OF ACTION**

54. As to the allegations of Paragraph 54 of the Complaint, the appearing parties reassert all their previous responses with the same force and effect as if set forth herein at length.

55. The allegations of Paragraph 55 of the Complaint are denied.

56. The allegations of Paragraph 56 of the Complaint are denied.

57. The allegations of Paragraph 57 of the Complaint are denied.

**SECOND CAUSE OF ACTION**

58. As to the allegations of Paragraph 58 of the Complaint, the appearing parties reassert all their previous responses with the same force and effect as if set forth herein at length.

59. The allegations of Paragraph 59 of the Complaint are admitted as concerns Central Gulf.

60. Of the allegations of Paragraph 60 it is admitted that the CBA with the SIU applies to SIU members.

61. The allegations of Paragraph 61 of the Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

64. The allegations of Paragraph 64 of the Complaint are denied.

## DAMAGES

65. The allegations of Paragraph 65 of the Complaint are denied.

66. The allegations of Paragraph 66 of the Complaint are denied due to lack of knowledge or information sufficient to for a belief as to the truth of the allegations.

67. The allegations of Paragraph 67 of the Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

## RELIEF

70. The allegations of Paragraph 70 of the Complaint are denied.

71. The allegations of Paragraph 71 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim or cause of action upon which relief may be granted against all or some of the defendants.

2. There is lack of personal jurisdiction (F.R.Civ. P. 12(b)(2)) as to all or some of the defendants.

3. Improper venue (F.R.Civ. P. 12(b)(3)).

4. The plaintiff is not entitled to recover all or some of the category of damages claimed under the applicable maritime law.

5. The incident complained of in the Complaint did not occur as alleged.

6. Any injuries, illnesses, damages and/or losses that the plaintiff may have suffered were due to his sole and exclusive negligence; or the plaintiff, otherwise, incurred in comparative negligence in a degree to be determined by the Court as matter of law.

7. The M/V ENERGY ENTERPRISE was adequately manned and equipped and in good operational condition at all times.

*Answer to Complaint*                                                                             *Page 10*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

8. The defendants, its officers, employees, and/or agents did not incur in any negligent act or omission that somehow caused plaintiff's alleged injuries, illnesses, damages and/or losses.

9. Plaintiff's claims and/or damages are grossly overstated and exaggerated.

10. Plaintiff's alleged current emotional and/or economic conditions are in relation to pre or post existing conditions, injuries or illnesses which are not related to his service aboard the M/V ENERGY ENTERPRISE.

11. The plaintiff has failed to mitigate any damages or losses he may have sustained.

12. The plaintiff failed to adequately disclose his medical condition.

13. The plaintiff has failed to substantiate his claim for maintenance and cure.

14. The appearing parties have acted in good faith, at all times, in connection with plaintiff's maintenance and cure claim.

15. The plaintiff is not entitled to unearned wages.

16. The plaintiff is not entitled to punitive damages.

17. In the alternative, any award for punitive damages must conform with due process requirements and limitations on the amount of punitive damages, if any, that may be awarded.

18. Plaintiff is not entitled to attorney's fees, or interest, whatsoever under any and every cause of action asserted in his Complaint. Additionally, the plaintiff is not entitled to any costs and/or expenses associated with the filing and/or maintenance of this action before this Court.

19. The appearing parties reserve the right to raise additional defenses, which may arise during discovery.

### PRAYER FOR RELIEF

**WHEREFORE**, the appearing parties pray as follows:

1. Plaintiff takes nothing by way of the Complaint;

2. That plaintiff's Complaint in every cause of action therein be dismissed in its entirety;

3. That the appearing parties be awarded costs and attorney's fees; and

4. For such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of February 2016.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

> *s/Manolo T. Rodríguez-Bird*
> Manolo T. Rodríguez-Bird
> USDC-PR No. 203607
> JIMÉNEZ, GRAFFAM & LAUSELL
> *Attorneys for Central Gulf Lines, Inc.; LMS Shipmanagement Inc.; and International Shipholding, Inc.*
> PO Box 366104
> San Juan, PR  00936-6104
> T. 787-767-1030 / F. 787-751-4068
> E-Mail: mrodriguez@jgl.com