IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD VEGA VILLAFAÑE<br><br>    Plaintiff<br><br>    vs.<br><br>CENTRAL GULF LINES, INC.; LMS SHIPMANAGEMENT, INC.; INTERNATIONAL SHIPHOLDING, INC.; THE STANDARD CLUB EUROPE LIMITED<br><br>    Defendants | CIVIL NO.:  15-2961 (JAG) |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

Central Gulf Lines, Inc. ("Central Gulf"), LMS Shipmanagement Inc. ("LMS"), and International Shipholding, Inc. ("ISC") (collectively "defendants" or "appearing parties") respectfully state and pray as follows in response to plaintiff's Amended Complaint:

### INTRODUCTION

1. The allegations of Paragraph 1 of the Amended Complaint are denied.

### JURISDICTION AND VENUE

2. Of the allegations of Paragraph 2 of the Amended Complaint it is admitted that the plaintiff is an American Citizen and that he is a seaman. The remaining allegations are averments of law which do not require a responsive allegation by the appearing parties.

Case 3:15-cv-02961-JAG-CVR   Document 18   Filed 03/03/16   Page 2 of 12

*Answer to Amended Complaint* *Page 2*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

3. The allegations of Paragraph 3 of the Amended Complaint are averments of law which do not require a responsive allegation by the appearing parties.

4. The allegations of Paragraph 4 of the Amended Complaint are averments of law which do not require a responsive allegation by the appearing parties.

5. The allegations of Paragraph 5 of the Amended Complaint are averments of law which do not require a responsive allegation by the appearing parties.

**REQUEST FOR JURY TRIAL**

6. The allegations of Paragraph 6 of the Amended Complaint are averments of law which do not require a responsive allegation from the appearing parties.

**PARTIES**

7. Of the allegation of Paragraph 7 of the Amended Complaint it is admitted that the plaintiff is of legal age. The remaining allegations are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8. The allegations of Paragraph 8 of the Amended Complaint are admitted.

9. The allegations of Paragraph 9 of the Amended Complaint are admitted.

10. The allegations of Paragraph 10 of the Amended Complaint are admitted.

11. The allegations of Paragraph 11 of the Amended Complaint are not directed at the appearing parties. These allegations, therefore, do not require a responsive allegation by the appearing parties.

## STATEMENT OF CLAIM

12. Of the allegations of Paragraph 12 of the Amended Complaint it is admitted that the plaintiff was born on September 12, 1984.

13. The allegations of Paragraph 13 of the Amended Complaint are averments of law which do not require a responsive allegation by the appearing parties; if any averments can be classified as factual these are denied.

14. The allegations of Paragraph 14 of the Amended Complaint are admitted.

15. Of the allegations of Paragraph 15 of the Amended Complaint it is admitted that LMS managed the M/V ENERGY ENTERPRISE. The remaining allegations are denied.

16. Of the allegations of Paragraph 16 of the Amended Complaint it is admitted that Central Gulf operated the M/V ENERGY ENTERPRISE. The remaining allegations are denied.

17. Of the allegations of Paragraph 17 of the Amended Complaint it is admitted that Central Gulf employed the crewmembers aboard the M/V ENERGY ENTERPRISE. The remaining allegations are denied.

18. Of the allegations of Paragraph 18 of the Amended Complaint it is admitted that Central Gulf owned the M/V ENERGY ENTERPRISE. The remaining allegations are denied.

19. The allegations of Paragraph 19 of the Amended Complaint are admitted.

*Answer to Amended Complaint*                                                                                                     *Page 4*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

20. Of the allegations of Paragraph 20 of the Amended Complaint, it is admitted that Captain Shane Murphy was the Captain of the M/V ENERGY ENTERRISE for the time period relevant to this action.

21. The allegations of Paragraph 21 of the Amended Complaint are admitted insofar as it relates to a voyage of the M/V ENERGY ENTERPRISE during the time period relevant to this action.

22. Of the allegations of Paragraph 22 of the Amended Complaint it is admitted that on July 3, 2015 Captain Shane Murphy called a fire drill with most of the crewmembers onboard. The remaining allegations are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23. The allegations of Paragraph 23 of the Amended Complaint are admitted, with the clarification that the Safety Meeting was held in the Engine Control Room, and that not all crewmembers were present at the Safety Meeting. It is affirmatively alleged that two of the crewmembers were not in attendance because they were on watch duty.

24. The allegations of Paragraph 24 of the Amended Complaint are admitted.

25. Of the allegations of Paragraph 25 of the Amended Complaint it is admitted that the Captain asked the plaintiff during the Safety Meeting what would be the duress password if he was working on the gangway and someone came onboard with a weapon and threatened him. The remaining allegations are denied.

Case 3:15-cv-02961-JAG-CVR   Document 18   Filed 03/03/16   Page 5 of 12

*Answer to Amended Complaint*  Page 5
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

26. The allegations of Paragraph 26 of the Amended Complaint are denied. It is affirmatively alleged that the plaintiff was not able to identify the duress password.

27. The allegations of Paragraph 27 of the Amended Complaint are denied.

28. The allegations of Paragraph 28 of the Amended Complaint are denied.

29. The allegations of Paragraph 29 of the Amended Complaint are denied.

30. The allegations of Paragraph 30 of the Amended Complaint are denied.

31. The allegations of Paragraph 31 of the Amended Complaint are denied.

32. The allegations of Paragraph 32 of the Amended Complaint are denied.

33. The allegations of Paragraph 33 of the Amended Complaint are denied.

34. The allegations of Paragraph 34 of the Amended Complaint are denied.

35. Of the allegations of Paragraph 35 of the Amended Complaint it is admitted that on July 4, 2015 the plaintiff communicated by text with Ms. Shari Cowles, who is Manager of Safety and Training for LMS, and reported his version of developments during the Safety Meeting. The remaining allegations are denied.

36. The allegations of Paragraph 36 of the Amended Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

37. The allegations of Paragraph 37 of the Amended Complaint are admitted.

*Answer to Amended Complaint*   *Page 6*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

38. Of the allegations of Paragraph 38 of the Amended Complaint it is admitted that Mr. Robert Bennington informed the plaintiff by text that he would take his messages for action. The remaining allegations are denied.

39. The allegations of Paragraph 39 of the Amended Complaint are denied.

40. The allegations of Paragraph 40 of the Amended Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Of the allegations of Paragraph 41 of the Amended Complaint it is admitted that on July 4, 2015 the plaintiff attended to the Captain's office and that the Chief Mate and the Bosun were present. The remaining allegations are denied.

42. The allegations of Paragraph 42 of the Amended Complaint are denied.

43. Of the allegations of Paragraph 43 of the Amended Complaint it is admitted that on July 4, 2015 the plaintiff and Captain Shane Murphy communicated with Mr. Robert Bennington to discuss the incident reported by plaintiff. The remaining allegations are denied.

44. The allegations of Paragraph 44 of the Amended Complaint are denied.

45. Of the allegations of Paragraph 45 of the Amended Complaint it is admitted that the plaintiff informed Captain Shane Murphy that he did not feel safe onboard and that the plaintiff and Captain Murphy communicated again with Mr. Robert Bennington to inform that the plaintiff felt that he could not stay onboard. The remaining allegations are denied.

46. Of the allegations of Paragraph 46 of the Amended Complaint it is admitted that Mr. Robert Bennington indicated that he would call back with instructions. The remaining allegations

Case 3:15-cv-02961-JAG-CVR   Document 18   Filed 03/03/16   Page 7 of 12

*Answer to Amended Complaint*  *Page 7*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

47. Of the allegations of Paragraph 47 of the Amended Complaint it admitted that it was mutually agreed that the plaintiff would be discharged from service aboard the M/V ENERGY ENTERPRISE on July 4, 2015. The remaining allegations are denied.

48. The allegations of Paragraph 48 of the Amended Complaint are denied. It is affirmatively alleged that the plaintiff issued a report dated July 3, 2015 with his version of events.

49. The allegations of Paragraph 49 of the Amended Complaint are denied.

50. The allegations of Paragraph 50 of the Amended Complaint are denied.

51. The allegations of Paragraph 51 of the Amended Complaint are denied.

52. The allegations of Paragraph 52 of the Amended Complaint are denied due to lack of knowledge or information sufficient to for a belief as to the truth of the allegations.

53. The allegations of Paragraph 53 of the Amended Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

### FIRST CAUSE OF ACTION

54. As to the allegations of Paragraph 54 of the Amended Complaint, the appearing parties reassert all their previous responses with the same force and effect as if set forth herein at length.

55. The allegations of Paragraph 55 of the Amended Complaint are denied.

Case 3:15-cv-02961-JAG-CVR   Document 18   Filed 03/03/16   Page 8 of 12

*Answer to Amended Complaint*  Page 8
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

56. The allegations of Paragraph 56 of the Amended Complaint are denied.

57. The allegations of Paragraph 57 of the Amended Complaint are denied.

## SECOND CAUSE OF ACTION

58. As to the allegations of Paragraph 58 of the Amended Complaint, the appearing parties reassert all their previous responses with the same force and effect as if set forth herein at length.

59. The allegations of Paragraph 59 of the Amended Complaint are admitted as concerns Central Gulf.

60. Of the allegations of Paragraph 60 it is admitted that the CBA with the SIU applies to SIU members.

61. The allegations of Paragraph 61 of the Amended Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

62. The allegations of Paragraph 62 of the Amended Complaint are denied.

63. The allegations of Paragraph 63 of the Amended Complaint are denied.

64. The allegations of Paragraph 64 of the Amended Complaint are denied.

## THIRD CAUSE OF ACTION

65. As to the allegations of Paragraph 65 of the Amended Complaint, the appearing parties reassert all the previous responses with the same force and effect as if set forth herein at length.

Case 3:15-cv-02961-JAG-CVR   Document 18   Filed 03/03/16   Page 9 of 12

*Answer to Amended Complaint*                                                                                                                     *Page 9*
*Richard Vega Villafañe v. Central Gulf Lines, Inc., et al.*
*Civil No.: 15-2961 (JAG)*

66. The allegations of Paragraph 66 of the Amended Complaint are not directed at the appearing parties. These allegations also contain averments of law which do not require a responsive allegation by the appearing party. To the extent, however, that some of the allegations may be considered allegations of fact regarding the alleged negligence, fault, legal violations and unseaworthiness on the part of the appearing defendants, these are denied.

## DAMAGES

67. The allegations of Paragraph 67 of the Amended Complaint are denied.

68. The allegations of Paragraph 68 of the Amended Complaint are denied due to lack of knowledge or information sufficient to for a belief as to the truth of the allegations.

69. The allegations of Paragraph 69 of the Amended Complaint are denied due to lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

70. The allegations of Paragraph 70 of the Amended Complaint are denied.

71. The allegations of Paragraph 71 of the Amended Complaint are denied.

## RELIEF

72. The allegations of Paragraph 72 of the Amended Complaint are denied.

73. The allegations of Paragraph 73 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim or cause of action upon which relief may be granted against all or some of the defendants.

2. There is lack of personal jurisdiction (F.R.Civ. P. 12(b)(2)) as to all of the defendants. The appearing parties do not have sufficient contacts with Puerto Rico such that proceeding in this forum would violate traditional notions of fairplay and substantial justice.

3. Improper venue (F.R.Civ. P. 12(b)(3)).

4. The plaintiff is not entitled to recover all or some of the category of damages claimed under the applicable maritime law.

5. The incident complained of in the Amended Complaint did not occur as alleged.

6. Any injuries, illnesses, damages and/or losses that the plaintiff may have suffered were due to his sole and exclusive negligence; or the plaintiff, otherwise, incurred in comparative negligence in a degree to be determined by the Court as matter of law.

7. The M/V ENERGY ENTERPRISE was adequately manned and equipped and in good operational condition at all times.

8. The defendants, its officers, employees, and/or agents did not incur in any negligent act or omission that somehow caused plaintiff's alleged injuries, illnesses, damages and/or losses.

9. Plaintiff's claims and/or damages are grossly overstated and exaggerated.

10. Plaintiff's alleged current emotional and/or economic conditions are in relation to pre or post existing conditions, injuries or illnesses which are not related to his service aboard the M/V ENERGY ENTERPRISE.

11. The plaintiff has failed to mitigate any damages or losses he may have sustained.

12. The plaintiff failed to adequately disclose his medical condition.

13. The plaintiff has failed to substantiate his claim for maintenance and cure.

14. The appearing parties have acted in good faith, at all times, in connection with plaintiff's maintenance and cure claim.

15. The plaintiff is not entitled to unearned wages.

16. The plaintiff is not entitled to punitive damages.

17. In the alternative, any award for punitive damages must conform with due process requirements and limitations on the amount of punitive damages, if any, that may be awarded.

18. Plaintiff is not entitled to attorney's fees, or interest, whatsoever under any and every cause of action asserted in his Amended Complaint. Additionally, the plaintiff is not entitled to any costs and/or expenses associated with the filing and/or maintenance of this action before this Court.

19. The appearing parties reserve the right to raise additional defenses, which may arise during discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, the appearing parties pray as follows:

1. The plaintiff's Amended Complaint be dismissed for lack of personal jurisdiction;

2. Plaintiff takes nothing by way of the Amended Complaint;

3. That plaintiff's Amended Complaint in every cause of action therein be dismissed in its entirety with prejudice;

4. That the appearing parties be awarded costs and attorney's fees; and

5. For such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of March 2016.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

> *s/Manolo T. Rodríguez-Bird*
> Manolo T. Rodríguez-Bird
> USDC-PR No. 203607
> JIMÉNEZ, GRAFFAM & LAUSELL
> *Attorneys for Central Gulf Lines, Inc.; LMS Shipmanagement Inc.; and International Shipholding, Inc.*
> PO Box 366104
> San Juan, PR  00936-6104
> T. 787-767-1030 / F. 787-751-4068
> E-Mail: mrodriguez@jgl.com